**BRANDER ET AL. *vs.* GARRETT ET AL.**

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE SIXTH PRESIDING.

In an action on *a joint obligation,* when it is shown, two of the parties signed as sureties of the third, any payments made by the principal debtor, will be imputed and go to the extinguishment of the debt, and judgment given for the balance, against the principal and sureties *in solido.*

This is an action on a promissory note against the makers, who all sign as joint obligors.

The defendants severed in their answers. Garrett admitted the note was given for his debt and sole benefit, and set up a payment of about $1323 for the price of certain cotton, sent by him to the plaintiffs.

The two other defendants pleaded the general issue, and averred the note and debt were paid and extinguished by the principal debtor and their co-defendant. They aver, they are only sureties of Garrett, and plead the benefit of discussion.

It was fully shown, the two last defendants (Pinnell & Peck) were the sureties of Garrett, and that he had made payments.

The district judge however considered all the parties as joint obligors, and each only bound for his share. That Garrett, the principal debtor, (and who had absconded,) was entitled to the credit of $1323, which extinguished his share of $833 33, with a reserve over of $490. Judgment was given in his favor and against the two sureties each for $833 33. They alone have appealed.

*McGuire*, for the plaintiffs.

*Copley, Downs & Garrett*, contra.

*Bullard, J.* delivered the opinion of the court.

This is an action against Garrett, Pinnell & Peck upon a promissory note, in the form of a joint obligation, for $2500. The two latter aver in their answer, that they were in point of

fact sureties to Garrett. But they were condemned as joint obligors, and they have appealed. Garrett is not a party to the appeal; but it becomes necessary to go into his defence, as it appeared by answers of the plaintiffs to interrogatories, that the whole debt was Garrett's, and that the co-obligors were his sureties. It follows, that any defence, of which Garrett could avail himself, may be used by the sureties.

Garrett answered by averring also, that he was principal debtor, but that he had had subsequently a settlement with the plaintiffs' agent, and made payments, for which credits were not given. From the answers of the plaintiffs to interrogatories and other evidence in the record, it appears to us, the district judge justly concluded, that at the time the note fell due, Garrett was entitled to a credit of $1323 99 upon the note sued on. But it appears equally clear, that the appellants were sureties for Garrett, and yet each of them is condemned for his third of the note; while the principal debtor has judgment extinguishing his part of the note, to wit: $833 33, and reserving a balance in his favor for $490 66, which two sums together amount to the credit of $1323 99. If the principal was entitled to the credit, so were the sureties, notwithstanding the form of the obligation. The mere form should be disregarded and the rights of the parties adjusted according to its real substance and nature, as we recently held in the case of Crain & Roberts vs. Jenkins, decided at this term; ante 453. In this respect, we think, the judge erred, and that the defendants, who have not claimed division, should have been condemned in solido to pay the balance due upon the note, $1176 01.

The judgment of the District Court, so far as it relates to the defendants, James Pinnell and Alexander D. Peck, is therefore avoided and reversed; and proceeding to render such judgment as should in our opinion have been given below: It is further ordered and decreed, that the plaintiffs recover of each of said defendants in solido, as sureties of Garrett, the sum of eleven hundred and seventy-six dollars, and one cent, with interest at five per cent. from judicial demand, and costs

as to them in the court below, and that the plaintiffs pay the costs of this appeal.